IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIRGINIA SALAZAR AND | § | |
| DEBORAH BRUGO | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-1 |
| | § | |
| RADIOLOGY & IMAGING OF | § | |
| SOUTH TEXAS, L.L.P. | § | |
| Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Virginia Salazar and Deborah Brugo ("Plaintiffs"), and complains of Radiology & Imaging of South Texas, L.L.P. ("Defendant"), and for their cause of action, would show the Court as follows:

## I.
## INTRODUCTION

1.    This action seeks equitable relief, actual damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for gender discrimination and retaliation suffered by Plaintiffs in the course of their employment with the Defendant.  Plaintiffs complain that they were subjected to different terms and conditions of employment because of their gender, and were terminated for complaining of unlawful gender discrimination and sexual harassment.

1

2.     Plaintiffs' causes of action arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

3.     Plaintiffs demand a jury on all issues triable to a jury.

## II.
## PARTIES

4.     Plaintiff Virginia Salazar is a resident of Corpus Christi, Texas.

5.     Plaintiff Debbie Brugo is a resident of Portland, Texas.

6.     Defendant Radiology & Imaging of South Texas, L.L.P. is a Texas Limited Liability Partnership.  The partners are all physicians, specifically radiologists, and the partnership's principal office address is 3226 Reid Dr., Corpus Christi, Texas 78404.  The names of the partners are Chandra S. Katragadda, MD, PA, Rudolph Alvarado, MD, Thomas W. Ertzner, MD, R. Drake Beauchamp, MD, Alexander T. Aitken, MD, Mukul P. Maheshwari, MD, D.C. Ayar, MD, Carlos R. Gutierrez, MD, Kenneth Vanexan, MD, Anthony N. Hein, MD, D. Anthony Townsend, MD, and Jennifer Turner, MD.  Defendant does not have a registered agent for service listed with the Texas Secretary of State as of the date of the filing of this Complaint. Defendant may therefore be served with process by serving any of its partners or officers of Defendant at 3226 Reid Dr., Corpus Christi, Texas 78404.

7.     Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization,

2

ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 since Plaintiffs are bringing this suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  The Court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts with the State of Texas.

9.     Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to these causes of action occurred in the Southern District of Texas.

10.    This Court has jurisdiction over all claims in this action.

### IV.
### PROCEDURAL REQUISITES

11.    On or about December 22, 2009, Plaintiff Virginia Salazar filed a charge of sex discrimination and retaliation under Charge No. 36B-2010-00043 against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the City of Corpus Christi Human Relations Commission.

12.    On or about December 22, 2009, Plaintiff Deborah Brugo filed a charge of sex discrimination and retaliation under Charge No. 36B-2010-00044 against

3

Defendant with the Equal Employment Opportunity Commission ("EEOC") and the City of Corpus Christi Human Relations Commission.

13.     On or about October 5, 2010, the EEOC issued a Notice of Right to Sue letter entitling each Plaintiff to file a civil action in this Court.

14.     This lawsuit has been filed within (90) days of Plaintiffs' receipt of the Notice of Right to Sue letters.

15.     All conditions precedent to filing this cause of action have been met.

**V.**
**FACTS**

16.     Plaintiff Virginia Salazar is a female former employee of Defendant.

17.     Ms. Salazar began her employment with Defendant as a Clerical Supervisor in June 2000.

18.     When Ms. Salazar began her employment, her immediate supervisor was the Facility Manager, Deborah Brugo.

19.     During her employment, Ms. Salazar was promoted to the position of Manager.

20.     At the time Ms. Salazar was promoted to Manager, Ms. Brugo was promoted to Director of Imaging Services.

21.     Beginning in approximately July 2006, Plaintiffs, along with other female employees of the Defendant, were subjected to unwanted sexual harassment from the Defendant's CEO, Dale Obermuller.

4

22.    For example, Obermuller routinely put his arms around Plaintiffs' shoulders, and routinely hugged the Plaintiffs.

23.    Obermuller also routinely grabbed his private area, and also stared at, and commented on, the Plaintiffs' private parts.

24.    Plaintiffs informed Obermuller that his conduct was offensive and unwelcome, and asked him to stop.

25.    After Obermuller refused to stop the offensive comments and conduct, Plaintiffs reported Obermuller to upper management.

26.    After Plaintiffs reported Obermuller to management, Obermuller had a conversation with Ms. Salazar, in which he told her that "if anyone makes him look bad . . ., he will get back at them even if it takes him awhile, but he always gets them back at the end."

27.    From that point going forward, Obermuller regularly retaliated against the Plaintiffs.

28.    For example, after Plaintiffs complained, Obermuller routinely called them derogatory names and subjected them to offensive language in the workplace.

29.    Obermuller also demoted Ms. Salazar, and moved her to the lowest performing facility of the Defendant.

30.    In addition, Obermuller removed Ms. Salazar from the Marketing Team, and changed her pay structure from an hourly rate to a salary with no overtime pay.

31.    In 2009, Obermuller announced his resignation as CEO for the Defendant effective May 31, 2009, and informed the staff that he would remain working as "a consultant."

32.    On May 23, 2009, while Plaintiff Salazar was on vacation, Plaintiffs each received vulgar and harassing voicemails on their personal cell phones from Obermuller.

33.    Plaintiffs each filed a formal complaint with upper management, and each provided a copy of the harassing message Obermuller left for them.

34.    Rather than reprimand Obermuller, upper management excused the CEO, stating that he was under a lot of stress, and requested that each of the Plaintiffs drop their complaint about Obermuller.

35.    On or about August 19, 2009, the new CEO, David Clark, was hired, and Obermuller remained with the Defendant as a consultant.

36.    Shortly after Clark was hired as the CEO, Plaintiffs attended a marketing meeting along with Clark, Obermuller, who was now acting as a consultant, and other members of management.

37.    Although it was the first time Plaintiffs had had the opportunity to meet the new CEO, Clark introduced himself to everyone except Plaintiffs Salazar and Brugo during the meeting.

38.     On August 26, 2009, just one week after Clark was hired as the CEO (and before Plaintiffs had formally been introduced to Clark), Plaintiffs were each terminated from their positions, effective immediately.

39.     The reasons given to Plaintiffs for their termination was false.

## VI.
## <u>CAUSE OF ACTION—SEXUAL HARASSMENT</u>

40.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

41.     Plaintiffs are female, and belong to a group Title VII intended to protect.

42.     As described above, Defendant subjected Plaintiffs to different terms and conditions of employment because of their gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., for which Plaintiffs request damages.

43.     Other direct and/or circumstantial evidence demonstrates that Plaintiffs were harassed because of their gender, and that Defendant intended to discriminate against Plaintiffs because of their gender.

44.     As a result of Defendant's actions, Plaintiffs have suffered a loss of wages, both in the past and in the future, as well as emotional pain, mental anguish and a loss in benefits.

**VII.**
**CAUSE OF ACTION–RETALIATION**

45.   Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

46.   As described above, Defendant subjected Plaintiffs to different terms, conditions and privileges of employment, and terminated Plaintiffs because they opposed unlawful employment discrimination in the workplace, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, for which Plaintiffs request damages.

47.   Other direct and/or circumstantial evidence demonstrates that Plaintiffs were retaliated against because of their complaints about Obermuller, and that Defendant intended to retaliate against Plaintiffs because of their opposition to Obermuller's conduct.

48.   As a result of Defendant's actions, Plaintiffs have suffered a loss of wages, both in the past and in the future, as well as emotional pain, mental anguish and a loss in benefits.

**VIII.**
**ATTORNEY'S FEES**

49.   Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

50.   Plaintiffs are entitled to recover attorney's fees and costs for bringing this action pursuant to 42 U.S.C. § 1988.

## IX.
## JURY DEMAND

51.     Plaintiffs request a trial by jury on all issues triable by a jury in this case.

## X.
## RELIEF REQUESTED

52.     Plaintiffs request the following relief:

      a.     For actual damages for the period of time provided by law including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

      b.     For compensatory damages as allowed by law;

      c.     For pre-judgment and post-judgment interest as allowed by law;

      d.     For attorney's fees and costs of court; and

      e.     For such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

CLINE | AHMAD


By: ___/s/ Nasim Ahmad_____
        Nasim Ahmad
        State Bar No. 24014186
        21 Waterway, Suite 300
        The Woodlands, Texas  77380
        Telephone:  (281) 362-2801
        Telecopier:  (281) 864-4379

        ATTORNEYS FOR PLAINTIFFS

Of Counsel:
        Joseph Y. Ahmad
        Fed ID # 11604
        State Bar No. 00941100
        Ahmad, Zavitsanos & Anaipakos, P.C.
        3460 One Houston Center
        1221 McKinney Street
        Houston, Texas  77002
        Telephone: (713) 655-1101
        Telecopier: (713) 655-0062